STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KAREN ABNER, WIDOW OF CHARLES W. ABNER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0466**  (BOR Appeal No. 2048948)
                       (Claim No. 830064113)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**G & A COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karen Abner, widow of Charles W. Abner, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2014, in which the Board affirmed an October 23, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 4, 2012, decision that denied Mrs. Abner's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Abner worked as a coal miner for G & A Coal Company, Inc., for over thirty years. He developed occupational pneumoconiosis in the course of his employment. Mr. Abner stopped working in 1982 and passed away on April 9, 2010. The death certificate stated that Mr. Abner died of respiratory failure, cancer, and pneumoconiosis. Mrs. Abner filed an application requesting dependent's benefits.

A record review was completed by three physicians and the Occupational Pneumoconiosis Board. In the first report, Dominic Gaziano, M.D., concluded that Mr. Abner's lung cancer was not related to his occupational exposure as an underground miner and that his primary cause of death was metastatic lung cancer. Dr. Gaziano further opined that Mr. Abner's chronic obstructive pulmonary disease and pneumoconiosis were advanced and hastened his demise. In the second report, Donald L. Rasmussen, M.D., concluded that Mr. Abner's death was a consequence of respiratory failure aggravated by lung cancer and that his occupational pneumoconiosis was a material contributing cause of his death. Furthermore, Gregory J. Fino, M.D., concluded that Mr. Abner died as a result of both chronic obstructive pulmonary disease and lung cancer. Dr. Fino opined that he could not exclude coal mine dust as a contributing cause of death because Mr. Abner had an obstructive ventilator abnormality with a significant history of coal dust exposure and a smoking history.

The Occupational Pneumoconiosis Board concluded that Mr. Abner's occupational pneumoconiosis did not cause his lung cancer and that his occupational pneumoconiosis was not a material contributing factor. It found, given Mr. Abner's diagnosis of metastatic advanced carcinoma of the lung, it is unlikely his death was hastened by his occupational pneumoconiosis. The claims administrator denied Mrs. Abner's request for dependent's benefits because occupational pneumoconiosis was not determined to be a material contributing factor in the death of Mr. Abner based primarily on the Occupational Pneumoconiosis Board's findings of April 17, 2012. A 2008 x-ray confirmed a smoking history of twenty to thirty years.

The Office of Judges affirmed the claims administrator's decision in its October 23, 2013, Order. The Office of Judges found that Mr. Abner's occupational pneumoconiosis did not contribute to his death in a material degree and that his death was from pneumonia as a result of metastatic cancer. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mrs. Abner disagrees and asserts that four physicians, as well as the death certificate, opined that Mr. Abner's occupational pneumoconiosis was a material and/or contributing cause in his death. West Virginia Office of Insurance Commissioner maintains that Mr. Abner's occupational pneumoconiosis did not cause the cancer. It further maintains that the Occupational Pneumoconiosis Board found Mr. Abner's occupational pneumoconiosis did not delay the diagnosis of cancer or encumber its treatment in any way and did not contribute to his death in a material degree.

The Office of Judges considered the reports of Dr. Gaziano, Dr. Rasmussen, Dr. Fino, and the Occupational Pneumoconiosis Board. The Office of Judges relied on the Occupational Pneumoconiosis Board's findings and reasoning for discrediting the other reports. The Occupational Pneumoconiosis Board found that there were three reports with different findings. Dr. Gaziano failed to actually state whether Mr. Abner's occupational pneumoconiosis was a

2

material contributing factor in his death. Furthermore, Dr. Rasmussen's report, which found respiratory failure as cause of death and that cancer may have aggravated or hastened death, is discredited for being completely unsupported by the medical records. Dr. Rasmussen seemed intent on ignoring the effects of inoperable cancer that had already spread into the lungs and liver. Even though Dr. Fino found that he could not exclude coal mine dust as a contributing cause of death, the Office of Judges concluded that he did not support his conclusion well. The Occupational Pneumoconiosis Board pointed out that most of Dr. Fino's report was a record review with a very short discussion. The Office of Judges noted that Mr. Abner was undergoing chemotherapy for his cancer and then developed pneumonia before he died. The Occupational Pneumoconiosis Board found the primary evidence to be the CT scan of March 15, 2010, that showed Mr. Abner's cancer was visible. The Occupational Pneumoconiosis Board concluded that Mr. Abner's occupational pneumoconiosis in no way prevented the diagnosis of cancer, hid it, nor hindered its treatment. The Office of Judges agreed with the Occupational Pneumoconiosis Board's conclusion that occupational pneumoconiosis was present but did not contribute in a material degree to Mr. Abner's death.

This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). Mr. Abner had inoperable lung cancer and pneumonia at the time of his death. The Occupational Pneumoconiosis Board found that Mr. Abner's death was the result of conditions other than occupational pneumoconiosis and that occupational pneumoconiosis did not contribute in any material degree to his death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II